**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| A.K., as Next Friend of Minor Child J.K., individually and on behalf of all others similarly situated,  ) ) ) ) | |
| Plaintiff,  ) | **Case No. 12-CV-1179-GPM-PMF** |
| v.  ) | **JURY TRIAL DEMANDED** |
| GOOGLE, INC., a Delaware Corporation  ) ) ) | |
| Defendant. | |

## CLASS ACTION COMPLAINT

Plaintiff A.K., as Next Friend of Minor Child J.K. ("Minor Child"), individually, and on behalf of all others similarly situated, for his Complaint against Defendant Google, Inc. ("Google"), states as follows:

## THE PARTIES

1.      Plaintiff A.K., Next Friend of Minor Child, is a citizen of the state of Illinois residing in Madison County, Illinois.

2.      Minor Child is a sixteen (16) year old child and a citizen of the state of Illinois residing in Madison County, Illinois.

3.      Defendant Google, Inc. is a publicly traded Delaware corporation doing business throughout Illinois and the United States and is a citizen of Delaware and California, having its principal place of business in California.

## NATURE OF THE ACTION

4.      This action arises out of Google's intentional and willful interception, scanning and use of electronic mail communications sent to and from the Gmail accounts of the Minor Child and all similarly situated United States citizens under the age of majority (the "Minor

Children"), in violation of the Electronic Communications Privacy Act of 1986, 18 U.S.C. §§ 2510 *et seq.* and state law.

## JURISDICTION AND VENUE

5.      Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over the Plaintiff's and the Minor Child's claims arising under the Electronic Communications Privacy Act of 1986, 18 U.S.C. §§ 2510 *et seq.*

6.      This Court has general and specific jurisdiction over Google because Google has sufficient minimum contacts within the State of Illinois and within the Southern District of Illinois, and further because certain material acts upon which the suit is based occurred within the Southern District of Illinois.

7.      Venue is proper in the Southern District of Illinois pursuant to 28 U.S.C. § 1391(b) and (c) in that: (A) Google resides in the Southern District of Illinois because it is subject to personal jurisdiction within the Southern District of Illinois; (B) a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district; and (C) Google may be found in this District.

## GENERAL ALLEGATIONS

8.      Google operates a free electronic mail ("email") service known as "Gmail."

9.      Google permits any person over twelve (12) years of age to create a Gmail account.

10.     To obtain a Gmail account, a potential Gmail subscriber must create an account via the "Create An Account" link on Gmail's homepage.

11.     As part of the "Create an Account" process, a potential subscriber is required to enter his or her birthdate.

12.     As a result of Google's request for the potential subscriber's birthdate, Google knows the age of its Gmail subscribers, including Minor Child.

13.     Google does not require a potential subscriber who is under the age of majority to identify a parent or guardian in order to create or maintain a Gmail account.

14.     Google does not require that a parent or guardian of a Minor Subscriber consent to the creation of a Gmail account for the Minor Subscriber.

15.     Gmail subscribers are assigned a Gmail address by which they are able to send and receive email communications to and from other Gmail subscribers and to and from non-Gmail subscribers.

### Google's Interception And Use Of Gmail Subscribers' Emails To Generate Advertising Revenue

16.     The majority of Google's revenue is derived from advertising.[1]

17.     Google charges advertisers based on: (A) the number of times that an ad appears on the screens of Gmail subscribers; or (B) the number of times that Gmail subscribers click on an ad appearing on their Gmail screens.

18.     Google utilizes an electronic device to intercept and scan the contents of Gmail subscribers' incoming and outgoing emails immediately after the email communication is sent and before it arrives at its intended recipient.

19.     Google's interception and scanning of email sent to and from its Gmail subscribers' accounts allows Google to place targeted ads on its subscribers' Gmail screens and, thereby, generate revenue for Google.

---

[1] http://investor.google.com/corporate/faq.html#toc-money.

**Google's Interception And Use Of Emails**
**Sent To And From Minor Child's Gmail Account**

20.     Minor Child is a sixteen (16) year old child who has a personal Gmail account.

21.     Minor Child has used, and continues to use, his personal Gmail account to communicate electronically with non-Gmail subscribers and with other Gmail subscribers who are under the age of majority ("Minor Subscribers").

22.     Google has intercepted and scanned, and continues to intercept and scan, emails sent: (A) *from* Minor Child's Gmail account to non-Gmail subscribers or other Minor Subscribers; and (B) *to* Minor Child's Gmail account from non-Gmail subscribers or other Minor Subscribers (the "Intercepted Communications").

23.     Google has used, and continues to use, the content of the Intercepted Communications for the purpose of delivering targeted advertising to Minor Child.

24.     As a result of Google's interception, scanning, and use of Minor Child's emails to place targeted advertisements, Google has obtained a monetary benefit.

## CLASS ACTION ALLEGATIONS

25.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23 as Next Friend of Minor Child and on behalf of all others similarly situated, as representative of the following class (the "National Class"):

> All children in the United States under the legal age of majority who have a Gmail account and who, within two years before the filing of this action up through and including the date of class certification, used his or her Gmail account to send an email to or receive an email from either: (A) a non-Gmail subscriber; or (B) another Gmail subscriber under the legal age of majority.

26.     For purposes of the claims set forth below brought pursuant to the Illinois Eavesdropping Statute, 720 ILCS 5/14-1 *et seq*., Plaintiff also asserts a subclass (the "Subclass")

defined as:

> All children who are citizens of Illinois under the legal age of majority who have a Gmail account and who, within two years before the filing of this action up through and including the date of class certification, used his or her Gmail account to send an email to or receive an email from either: (A) a non-Gmail subscriber; or (B) another Gmail subscriber under the legal age of majority.[2]

27.     Excluded from the Class are children under the legal age of majority of affiliates, predecessors, successors, officers, directors, agents, servants, or employees of Google, and the immediate family members of such persons.  Also excluded are children under the legal age of majority of any trial judge who may preside over this action, court personnel and their family members and any juror assigned to this action.

28.     Minor Child is a member of the Class which he seeks to represent.

29.     The particular members of the Class are capable of being described without difficult managerial or administrative problems.  The members of the Class are readily identifiable from the information and records in the possession or control of Google.

30.     The Class consists of millions of individuals and therefore is so numerous that joinder is impracticable.

31.     Minor Child's claims are typical of those in the Class and are based on the same legal and factual theories.

32.     There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual class members, and, in fact, the wrongs suffered and remedies sought by Plaintiff and the other members of the Class are premised upon an unlawful scheme by Google.  The principal common issues include, but are not limited to, the

---

[2] Unless otherwise noted, the National Class and Subclass are collectively referred to as the "Class".

following:

    a.      the nature and extent of Google's participation in intercepting electronic communications of Minor Child and the Class;

    b.      whether the interception of electronic communications was intentional;

    c.      whether Minor Child legally consented to the interception or use of electronic communications to or from Minor Child's Gmail account;

    d.      whether Google should be enjoined from intercepting and using electronic communications without the consent of its users;

    e.      the method by and extent to which the electronic communications were unlawfully intercepted or used;

    f.      whether Google's conduct in intercepting and using the electronic communications of Minor Child and the Class violates the ECPA;

    g.      whether Google's conduct in intercepting the electronic communications of Minor Child and the Class violates the Illinois Eavesdropping Statute, 720 ILCS 5/14-1 *et seq.*;

    h.      whether Google's conduct constitutes an intrusion upon the seclusion of Minor Child and the Class;

    i.      the method of determining the statutory penalties for which Google is liable to Minor Child and the Class;

    j.      the method of determining the damage for which Google is liable to Minor Child and the Class;

    k.      whether Google benefitted from the conduct alleged herein; and

    l.      whether punitive damages are appropriate to punish and deter Google's

conduct, as aforesaid.

33.     Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has suffered injury from the practices complained of and is ready, willing, and able to serve as class representative.  Furthermore, Plaintiff's counsel is experienced in handling class actions and actions involving unlawful commercial practices and privacy violations.  Neither Plaintiff nor his counsel has any interest that might cause them not to vigorously pursue this action.

34.     Certification of a plaintiff class under Federal Rule of Civil Procedure 23(b)(3) is appropriate in that the Plaintiff and the Class members seek monetary damages, common questions predominate over any individual questions, and a plaintiff class action is superior for the fair and efficient adjudication of this controversy.  A plaintiff class action will cause an orderly and expeditious administration of the Class members' claims and economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.  Moreover, the individual Class members are unlikely to be aware of their rights and not in a position (either through experience or financially) to commence individual litigation against this defendant.

35.     Alternatively, certification of a plaintiff class under Federal Rule of Civil Procedure 23(b)(1) is appropriate in that inconsistent or varying adjudications with respect to individual members of the Class would establish incompatible standards of conduct for the defendant or adjudications with respect to individual members of the Class as a practical matter would be dispositive of the interests of the other members not parties to the adjudications or would substantially impair or impede their ability to protect their interests.

36.     Certification of a plaintiff class under Federal Rule of Civil Procedure 23(b)(2) is appropriate in that the complaint seeks relief that is predominantly injunctive or declaratory and

Google acted or refused to act on grounds generally applicable to the Class.

## COUNT I
### Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq*.

37.    Plaintiff hereby incorporates and adopts by reference each and every allegation

set forth above.

38.    As described herein, Google intentionally intercepted, endeavored to intercept, or

procured another person to intercept or endeavor to intercept, the contents of electronic

communications sent to and from Gmail accounts of Minor Child and the Class through the use

of a device.

39.    As described herein, Google intentionally used, or endeavored to use, the contents

of electronic communications sent to and from the Gmail accounts of Minor Child and the Class

knowing, or having reason to know, that the information had been obtained through the

interception of electronic communications sent to and from the Gmail accounts of Minor Child

and the Class through the use of a device.

40.    The intercepted communications sent to and from the Gmail accounts of Minor

Child and the Class are "electronic communications" within the meaning of 18 U.S.C. §

2510(12) because: (A) they consist of a transfer of signs, signals, writing, images, sounds, data,

or intelligence transmitted in whole or in part by a wire, radio, electromagnetic, photo-electronic

or photo-optical system; (B) Google's transmittal system affects interstate or foreign commerce;

and (C) they are not wire or oral communications, communications made through a tone-only

paging device, or communications from a tracking device.

41.    Google intentionally intercepted, intercepts, or endeavored or endeavors to

intercept Minor Child's electronic communications within the meaning of 18 U.S.C. § 2510(4)

because Google: (A) acquires the contents of the electronic communication through the use of

any electronic, mechanical, or other device; (B) intercepts information concerning the substance, purport, or meaning of the electronic communication; (C) utilizes one or more devices consisting of an electronic, mechanical, or other device or apparatus that intercepts electronic communications; (D) uses intercepting devices that are not a telephone or telegraph instrument, equipment, or facility, or any component thereof; (E) does not furnish the device to Gmail subscribers, and subscribers do not use the device for connection to the facilities of Gmail's service; and (F) does not use the devices, if operating as an electronic communications service, in the ordinary course of business as a provider of an electronic communications service.

42.     Google intercepted the content of Minor Child's electronic communications while the communications were in-transit.

43.     Google's interception and use of the contents of Minor Child's electronic communications were not performed by an employee while engaged in any activity that is a necessary incident to the rendition of Gmail or to the protection of the rights or property of Google.

44.     Google's use of Minor Child's electronic communication for advertising and other purposes is not a service of a provider of an electronic communication service as defined by 18 U.S.C. § 2510(15).

45.     Minor Child, a child under the legal age of majority, did not consent and, as a matter of law, could not have consented to the interception of his electronic communications.

46.     Minor Child's legal guardians did not consent to the interception of Minor Child's electronic communications.

47.     Google did not attempt to obtain the permission of the parents or guardians of Minor Child or other members of the Class whose electronic communications were intercepted.

48.     Non-Gmail subscribers or other Minor Subscribers who sent or received electronic communications to or from Gmail accounts of Minor Child or members of the Class did not consent to Google's interception of the electronic communication.

49.     Google's actions were done for the tortious purpose of intruding upon Minor Child's seclusion as set forth in Count II of this Complaint, and, as such, Google could not obtain consent pursuant to 18 U.S.C. § 2511(2)(d).

50.     As a direct and proximate result of such conduct, Google violated 18 U.S.C. § 2511 in that it:

    a.     intentionally intercepted, endeavored to intercept, or procured another person to intercept electronic communications by Minor Child in violation of 18 U.S.C. § 2511(1)(a); and

    b.     intentionally used or endeavored to use the contents of Minor Child's electronic communications, knowing or having reason to know that the information was obtained through the interception of electronic communications in violation of 18 U.S.C. § 2511(1)(d).

51.     As a result of the above violations and pursuant to 18 U.S.C. § 2520, Plaintiff and the Class are entitled to:

    a.     injunctive and declaratory relief;

    b.     the sum of statutory damages consisting of the greater of $100 for each day of violation or $10,000;

    c.     punitive damages in an amount to be determined by a jury, but sufficient to prevent the same or similar conduct by Google in the future; and

    d.     a reasonable attorneys' fee and other reasonable litigation costs.

## COUNT II
## Intrusion Upon Seclusion

52.     Plaintiff hereby incorporates and adopts by reference each and every allegation set forth above.

53.     Minor Child and the Class had a reasonable expectation of privacy in the contents of electronic communications sent to and from the Gmail accounts of Minor Child and the Class.

54.     In intercepting the electronic communications of Minor Child and the Class, Google intentionally intruded upon the Minor Child's solitude or seclusion in that it took information from the privacy of the homes, and in some cases, bedrooms, of Minor Child and other children without even an attempt to obtain permission from the parents or guardians of Minor Child and the Class.

55.     Minor Child and members of the Class, as children under the legal age of majority, did not, and could not have consented to Google's intrusion.

56.     Google's intentional intrusion on solitude or seclusion of Minor Child and the Class would be highly offensive to a reasonable person.

## COUNT III
## Unjust Enrichment

57.     Plaintiff hereby incorporates and adopts by reference each and every allegation set forth above.

58.     Minor Child and the Class conferred a benefit on Google, without the consent of Minor Child or Minor Child's parents or guardians.

59.     Google realized such benefits through the sale of advertising to third-parties without the consent of Minor Child or Minor Child's parents or guardians.

60.     Google's acceptance and retention of such benefit without Minor Child's consent

is unjust and inequitable.

## COUNT IV
## Illinois Eavesdropping Statute, 720 ILCS 5/14-1, *et seq.*

61.     Plaintiff hereby incorporates and adopts by reference each and every allegation set forth above.

62.     As described herein, Google knowingly and intentionally intercepted electronic communications of Minor Child and the Subclass, who are Illinois citizens.

63.     As described herein, Google possesses an electronic device knowing that or having reason to know that the design of the device renders it primarily useful for the purpose of the surreptitious interception of electronic communications and the intended or actual use of the device is contrary to the provisions of the Illinois Eavesdropping Statute, 720 ICLS 5/14-1 *et seq.* (the "Illinois Act").

64.     As described herein, Google intentionally used or divulged information it knew or reasonably should have known was obtained through the use of an eavesdropping device.

65.     The emails sent to or from the Gmail accounts of Minor Child and the Subclass are "electronic communications" within the meaning of 720 ILCS 5/14-1(e) because: (a) they consist of a transfer of signs, signals, writing, images, sounds, data, or intelligence transmitted in whole or in part by a wire, radio, pager, computer, electromagnetic, photo electronic or photo optical system; (b) the sending and receiving parties intend the electronic communication to be private; and (c) the interception of the electronic communication is accomplished by a device in a surreptitious manner contrary to the provisions of the Illinois Act.

66.      Google used an "eavesdropping device" within the meaning of 720 ILCS 5/14-1(a) because it used a device capable of intercepting electronic communications that was not for the purpose of restoration of the deaf or hard-of-hearing to normal or partial hearing.

67.     Google intercepted the content of Minor Child's electronic communications while the communications were in-transit.

68.     Minor Child, a child under the legal age of majority, did not consent and, as a matter of law, could not have consented to the interception of his electronic communications.

69.     Google did not attempt to obtain the permission of the parents or guardians of Minor Child and members of the Subclass, whose electronic communications were intercepted.

70.     Non-Gmail subscribers or other Minor Subscribers who sent or received an electronic communication to or from Gmail accounts of Minor Child or members of the Subclass did not consent to Google's interception of the electronic communication.

71.     As a direct and proximate result of such conduct, Google violated 720 ILCS 5/14-2 in that it:

   a.     knowingly and intentionally intercepted Minor Child and the Subclass' electronic communications without the consent of all of the parties to such electronic communication in violation of 720 ILCS 5/14-2(1);

   b.     possesses an electronic device knowing that or having reason to know that the design of the device renders it primarily useful for the purpose of the surreptitious interception of electronic communications and the intended or actual use of the device is contrary to the provisions of the Illinois Act, in violation of 720 ILCS 5/14-2(2); and

   c.     used or divulged information it knew or reasonably should have known was obtained through the use of an eavesdropping device in violation of 720 ILCS 5/14-2(3).

72.     As a result of the above violations and pursuant to 720 ILCS 5/14-6, Plaintiff and

the Subclass are entitled to:

    a.    injunctive and declaratory relief;

    b.    actual damages in an amount to be proved at trial; and

    c.    punitive damages in an amount to be determined by a jury, but sufficient to prevent the same or similar conduct by Google in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, as Next Friend and on behalf of Minor Child and all members of the Class, respectfully prays for judgment against Google as follows:

    a.    for an order certifying that this action may be maintained as a class action under Federal Rule of Civil Procedure 23(b)(3), 23(b)(2) and/or 23(b)(1), and appointing Plaintiff and his counsel to represent the Class and directing that reasonable notice of this action be given to all other members of the Class as necessary and appropriate;

    b.    for a declaration that Google's actions violated the Electronic Communication Privacy Act, 18 U.S.C. §§ 2510 *et seq.*;

    c.    for a declaration that Google unlawfully intruded upon the seclusion of the Minor Child and the Class;

    d.    for a declaration that Google, through its actions and misconduct as alleged above, has been unjustly enriched and an order that Google disgorge such unlawful gains and proceeds;

    e.    for a declaration that Google's action violated the Illinois Eavesdropping Statute, 720 ICLS 5/14-1 *et seq.*;

    f.    for all actual damages, statutory damages, penalties, and remedies

available for Google's violation of the Electronic Communication Privacy Act, 18 U.S.C. §§ 2510 *et seq.*;

g.    that judgment be entered against Google for statutory damages pursuant to 18 U.S.C. § 2520(b)(2);

h.    for all actual damages, penalties, and remedies available for Google's intrusion upon the seclusion of Minor Child and the Class;

i.    for all actual damages, penalties and all remedies available to Plaintiff and the Subclass for Google's violation of the Illinois Eavesdropping Statute, 720 ICLS 5/14-1 *et seq.*;

j.    that Plaintiff and the Class recover pre-judgment and post-judgment interest as permitted by law;

k.    for an award to Plaintiff and the Class of their reasonable attorneys' fees and other litigation costs reasonably incurred pursuant to 18 U.S.C. § 2520(b)(3);

l.    that the Court enter an order permanently restraining and enjoining Google from any act of intercepting or using electronic communications to or from Gmail subscribers who are under the legal age of majority; and

m.    that the Court grant such other and further relief as may be just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a trial by jury as to all issues stated herein, and all issues so

triable.

Respectfully submitted,

**GOLDENBERG HELLER ANTOGNOLI &
ROWLAND, P.C**

By: /s/ Thomas P. Rosenfeld
Thomas P. Rosenfeld # 06301406
Mark C. Goldenberg #00990221
Kevin P. Green #06299905
2227 South State Route 157
Edwardsville, IL 62025
618-656-5150
618-656-6230 (fax)
tom@ghalaw.com
mark@ghalaw.com
kevin@ghalaw.com