**FILED**

APR 0 1 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

### UNITED STATES JUDICIAL PANEL
### on
### MULTIDISTRICT LITIGATION

**IN RE: GOOGLE INC. GMAIL LITIGATION**                    MDL No. 2430

### TRANSFER ORDER

**Before the Panel:**[*]  Pursuant to 28 U.S.C. § 1407, defendant Google, Inc. (Google) moves for coordinated or consolidated pretrial proceedings in the Northern District of California. This litigation currently consists of six actions pending in five districts as listed on Schedule A.

Plaintiffs in the two actions pending in the Northern District of California and the action pending in the Southern District of Illinois do not oppose centralization[1] and support the Northern District of California as transferee district. Plaintiffs in the Northern District of Florida, District of Maryland, and Eastern District of Pennsylvania actions oppose centralization.

These actions involve allegations that Google's automated scanning of emails sent to Gmail users for the purposes of sending targeted advertisements to the sender amounts to an illegal "interception" or "eavesdropping" under various federal and/or state wiretapping statutes. In opposing centralization, plaintiffs in the Northern District of Florida, District of Maryland, and Eastern District of Pennsylvania actions primarily argue, not that common questions of fact are lacking, but rather that Google has admitted to scanning emails and, therefore, discovery will not be sufficiently complex or time consuming to warrant centralization. Google argues, and we agree, that while Google admits to the act of scanning, whether such activity constitutes a violation under the statutes at issue will depend on many disputed factual issues that will require complex discovery. Google's position is supported by the amount and complexity of the discovery produced thus far in the Northern District of California *Dunbar* action. We are also persuaded that these actions will involve overlapping issues of consent and ascertainability of class members such that centralization is warranted.

On the basis of the papers filed and the hearing session held, we find that these six actions involve common questions of fact, and that centralization in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising out of allegations that Google scans emails in violation of federal and state wiretapping statutes for the purposes of sending targeted

---

[*]  Judge John G. Heyburn II did not participate in the disposition of this matter.

[1]  The Northern District of California *Dunbar* plaintiff does not oppose centralization to the extent that it can be accomplished without delay of the *Dunbar* action, in which a hearing on plaintiff's motion for class certification is imminent.

I hereby certify that a case has been opened in the Northern District of California.
ATTEST:
RICHARD W. WIEKING
Clerk, U.S. District Court
Northern District of California
By _____
Deputy Clerk
Date 4/3/2013

-2-

advertisements.   Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

No party has suggested an alternative transferee forum to the Northern District of California, and we are persuaded that it is the appropriate forum for this litigation.  Google is headquartered in that district and two actions are pending there, including the first-filed *Dunbar* action, which is more advanced than the other five actions.  Judge Lucy H. Koh is an experienced transferee judge with the willingness and ability to handle this litigation.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Lucy H. Koh for coordinated or consolidated pretrial proceedings in that district.

PANEL ON MULTIDISTRICT LITIGATION

Kathryn H. Vratil
Acting Chairman

W. Royal Furgeson, Jr.          Paul J. Barbadoro
Marjorie O. Rendell              Charles R. Breyer
Lewis A. Kaplan

**IN RE: GOOGLE INC. GMAIL LITIGATION**                    MDL No. 2430

## SCHEDULE A

Northern District of California

Keith Dunbar v. Google, Inc., C.A. No. 5:12-03305
Brad Scott, et al. v. Google, Inc., C.A. No. 5:12-03413

Northern District of Florida

Brent Matthew Scott v. Google, Inc., C.A. No. 4:12-00614

Southern District of Illinois

A.K. v. Google, Inc., C.A. No. 3:12-01179

District of Maryland

Matthew C. Knowles v. Google, Inc., C.A. No. 1:12-02022

Eastern District of Pennsylvania

Kristen Brinkman v. Google, Inc., C.A. No. 2:12-06699